## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN JONES, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| SUMO LOGIC, INC., JOSEPH ANSANELLI, | ) | **FEDERAL SECURITIES LAWS** |
| CHRISTIAN BEEDGEN, SANDRA | ) | |
| BERGERON, MARGARET FRANCIS, | ) | JURY TRIAL DEMANDED |
| RANDY GOTTFRIED, JOHN D. HARKEY, | ) | |
| JR., TRACEY NEWELL, RAMIN SAYAR, | ) | |
| and TIMOTHY YOUNGBLOOD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Brian Jones ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Sumo Logic, Inc. ("Sumo Logic" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Francisco Partners Management, L.P. ("Francisco Partners").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.      On February 9, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Serrano Parent, LLC ("Parent") and Parent's wholly owned subsidiary Serrano Merger Sub, Inc. ("Merger Sub").  The Merger Agreement provides that Company stockholders will receive $12.05 per share of Sumo Logic common stock in connection with the Proposed Transaction.

3.      The Company's corporate directors subsequently authorized the April 5, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for May 10, 2023.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of SUMO LOGIC common stock.

10.     Defendant Sumo Logic is a Delaware corporation with its principal executive offices located at 855 Main Street, Suite 100, Redwood City, California 94063. Sumo Logic's shares trade on the Nasdaq Global Select Market under the ticker symbol "SUMO." Sumo Logic's mission is to be the leading software-as-a-service analytics platform for reliable and secure cloud-native applications. The Company's Continuous Intelligence Platform is a multi-tenant, cloud-native platform that provides powerful, real-time, machine data analytics and insights across observability and security solutions. Through the Continuous Intelligence Platform, Sumo Logic helps its customers ensure application reliability, secure and protect against modern security threats, and gain insights into their cloud infrastructure.

11.    Defendant Joseph Ansanelli is and has been a director of the Company at all times relevant hereto.

12.    Defendant Christian Beedgen is Co-Founder and Chief Technology Officer of the Company, and is and has been a director of the Company at all times relevant hereto.

13.    Defendant Sandra Bergeron is and has been a director of the Company at all times relevant hereto.

14.    Defendant Margaret Francis is and has been a director of the Company at all times relevant hereto.

15.    Defendant Randy Gottfried is and has been a director of the Company at all times relevant hereto.

16.    Defendant John D. Harkey, Jr. is and has been a director of the Company at all times relevant hereto.

17.    Defendant Tracey Newell is and has been a director of the Company at all times relevant hereto.

18.    Defendant Ramin Sayar has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

19.    Defendant Timothy Youngblood is and has been a director of the Company at all times relevant hereto.

20.    Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21.    On February 9, 2023, the Company announced in relevant part:

WASHINGTON REDWOOD CITY, Calif., Feb. 09, 2023 (GLOBE NEWSWIRE) -- Sumo Logic (Nasdaq: SUMO), the SaaS analytics platform to enable reliable and secure cloud-native applications, today announced that it has entered into a definitive agreement (the "Agreement") to be acquired by affiliates of Francisco Partners, a leading global investment firm that specializes in partnering with technology businesses, for $12.05 per share in cash. The all-cash transaction values Sumo Logic at an aggregate equity valuation of approximately $1.7 billion.

Under the terms of the Agreement, Sumo Logic stockholders will receive $12.05 per share in cash. This represents a premium of approximately 57% to Sumo Logic's unaffected closing stock price on January 20, 2023, the last full trading day prior to media reports regarding a possible transaction. Upon completion of the transaction, Sumo Logic will become a private company with enhanced ability to expand its market opportunity, innovate on its critical solutions, accelerate growth, and further its vision.

"Since founding Sumo Logic in 2010, we have created a trusted, cloud-native, SaaS analytics platform for observability and security, enabling our customers to transform complexity into insights and accelerate their cloud transformation adoption," said Ramin Sayar, President and CEO of Sumo Logic. "Today's announcement represents a compelling outcome for our stockholders. We are delighted at the prospect of partnering with Francisco Partners in the next phase of Sumo Logic's journey."

Added Chuck Robel, Lead Independent Director of the Sumo Logic Board of Directors, "The Sumo Logic Board conducted a thorough evaluation of strategic alternatives and spoke with a number of strategic and financial partners. The transaction with Francisco Partners delivers a substantial premium and a compelling cash value to our stockholders. The Board unanimously determined that this transaction maximizes stockholder value and represents the best path forward for Sumo Logic and recommended that stockholders vote in favor of the transaction."

"Sumo Logic is ideally positioned to capitalize on the large and growing demand from enterprises for observability and security solutions," said Brian Decker and Evan Daar, Partners at Francisco Partners. "Its leading, cloud-native, analytics platform provides the scalability and insights required as applications and data proliferate in today's digital world. We look forward to partnering with Sumo Logic to drive accelerated growth and continue its long heritage of product innovation."

"We are excited to invest in Sumo Logic and support its mission to make the world's digital experiences reliable and secure," added Karl Shum, a Principal at Francisco Partners.

**Transaction Details, Approvals and Timing**

The transaction, which was unanimously approved by the Sumo Logic Board, is expected to close in the second calendar quarter of 2023, subject to customary closing conditions, including approval by Sumo Logic stockholders and the receipt of required regulatory approvals.

Upon completion of the transaction, Sumo Logic's common stock will no longer be listed on any public market.

**Advisors**

Morgan Stanley & Co. LLC is serving as sole financial advisor to Sumo Logic, and Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as legal counsel.

Kirkland & Ellis LLP is serving as legal counsel to Francisco Partners.

## The Materially Incomplete and Misleading Proxy Statement

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on April 5, 2023  The Proxy Statement, which recommends that Sumo Logic stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial projections; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

23.     The Proxy Statement fails to disclose material information concerning the financial projections for the Company, including: (a) the preliminary long-range operating plan presented to the Corporate Governance Committee on December 27, 2022; (b) the Corporate Governance Committee's "advice and input" to the preliminary long-range plan; (c) the revised

preliminary long-range plan presented to the Board on January 6, 2023; and (d) the Board's comments to the revised preliminary long-range plan, incorporated into the final projections relied upon by Morgan Stanley for its fairness opinion.[3]

***Material Misrepresentations and/or Omissions Concerning Morgan Stanley's Financial Analyses***

24.     The Proxy Statement fails to disclose material information concerning Morgan Stanley's financial analyses.

25.     With respect to the *Discounted Cash Flow Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the Company's net operating losses as provided by Sumo Logic management; (c) the Company's net cash as of February 3, 2023; and (d) the Company's fully diluted outstanding shares.

26.     With respect to the *Discounted Equity Value Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the Company's future net cash estimate, as well as its estimated future diluted shares outstanding.

---

[3] *See* Proxy Statement at 38.  Therein, it sets forth that at a December 27, 2022 Corporate Governance Committee meeting, members of Company management reviewed with the Corporate Governance Committee "a draft, prepared by Sumo Logic management, of Sumo Logic's preliminary long-range operating plan."  "The Corporate Governance Committee provided advice and input to Sumo Logic management on the preliminary long-range operating plan" and "directed Sumo Logic management to refine the plan based on the input provided by the Corporate Governance Committee."  *Id.*  On January 6, 2023, Company management reviewed the revised preliminary long-range plan with the Board.  *See id* at 39.  The "Board provided advice and input to Sumo Logic management on the preliminary long-range operating plan and directed Sumo Logic management to refine the preliminary long-range operating plan based on the input provided by the Sumo Logic Board."  *Id.*  Then, at a January 13, 2023 Board meeting, Sumo Logic management reviewed with the Board a revised draft of the Company's long-range operating plan, which reflected the Board's input from the January 6, 2023 meeting and was subsequently provided to Morgan Stanley for purposes of its financial analyses underlying its fairness opinion.

27.     With respect to the *Public Trading Comparables Analysis* performed by Morgan Stanley, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies analyzed by the financial advisor.

28.     With respect to the *Illustrative Precedent Transaction Premiums* analysis performed by Morgan Stanley, the Proxy Statement fails to disclose the identities of the transactions observed and the individual premiums for each transaction.

29.     With respect to the *Equity Research Analysts' Future Price Targets* analysis performed by Morgan Stanley, the Proxy Statement fails to disclose the individual price targets observed and the sources thereof.

### *Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

30.     The Proxy Statement fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Francisco Partners' proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31.     The Proxy Statement further fails to disclose the details of all employment and retention-related discussion and negotiations that occurred between Francisco Partners and Sumo Logic executive officers and directors, including who participated in all such communications, when they occurred and their content.

32.     The omission of the above-referenced information renders statements in the "Projections," "Background of the Merger," "Opinion of Morgan Stanley & Co. LLC," and

"Interests of Sumo Logic's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SUMO LOGIC**

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Sumo Logic is liable as the issuer of these statements.

36.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

### COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Sumo Logic within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Sumo Logic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

10

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

46.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

   B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

  Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  April 20, 2023          **LONG LAW, LLC**

           By:   */s/ Brian D. Long*
              Brian D. Long (#4347)
              3828 Kennett Pike, Suite 208
              Wilmington, DE 19807
              Telephone: (302) 729-9100
              Email: BDLong@LongLawDE.com

              *Attorneys for Plaintiff*